RICHMOND.

HICKS & LORD
*v.*
THOMAS.

IN RICHMOND SUPERIOR COURT.

HICKS & LORD *vs.* EDWARD THOMAS.

*Rule to set aside Verdict and order Nonsuit.*

It is well settled that no advantage shall be taken of an admission made to secure one's peace, or in the way of a compromise, and if an acknowledgment and promise for this purpose be replied to a plea of the st. of Limitations, the evidence will be rejected.

But if the court from the circumstances should be of opinion that the subsequent acknowledgment and promise were made from a consciousness of the truth of the indebtedness admitted, the evidence would be considered good and available.

An acknowledgment of an open account by letter is such a liquidation of the demand as will enable the creditor to obtain interest from the date of the acknowledgment.

THIS is an action of assumpsit, there being in the declaration three counts, for money paid, laid out and expended, money had and received, and on an account stated ; the promises and liabilities in each count allege to have been made and incurred on the 1st October, 1826. The defendant has plead and relied on the statute of limitations.

By a consent between the parties a verdict has been taken subject to the opinion of the court on the plea " it being admitted that the defendant within four years, offered the plaintiff fifty cents in the dollar for his claim." There was no evidence before the court, and from the pleadings it is plain that the debt is not barred. But with the papers submitted is a letter from defendant to plaintiffs, dated 25th Nov. 1820, admitting a balance due from him of $335,37 ; which letter, it is supposed, was to be referred to by the court in making up its opinion.

From the papers submitted, it appears that Beach & Thomas previous to the year 1820 were indebted to the plaintiffs—that in that year, and after the death of Beach the defendant admitted, in the letter referred to, the balance above stated to be due to the plaintiffs from the late firm of Beach & Thomas, and at the same time informed the plaintiffs of the embarrassment and probable insolvency of that firm, and that in 1825 the defendant offered to the plaintiffs to pay them one half of the claim.

This letter is clearly a liquidation of the debt made by the defendant after the death of his partner, by which, and by reason of his having survived his copartner, the debt was payable by him individually. In 1825, this debt was not barred as by the act of 1809, all actions founded on notes and other acknowlegments under the hand of the party, are not barred, until the expiration of six years. At the time, therefore, when the offer to pay one half was made, there was a subsisting legal demand. This demand is expressly admitted by the defendant, which admission is accompanied by a promise to pay one half. The only way by which the defendant can avoid the consequences of this acknowledgment and promise, if they can be avoided at all, is to suppose them made in an offer or an attempt to compromise. For the acknowledgment of the debt is very express, and the promise to pay one half is equally as express ; made at the time too, when there was a subsisting debt clearly not barred. It is well settled that no advantage shall be taken of an admission made to secure

one's peace, and if such were the character of this acknowledgment and promise, the evidence would be rejected. If, however, the offer or admission be not made with a view of avoiding a suit, or to buy one's peace against a doubtful claim, but from a consciousness of the truth of the fact admitted, it will not fall within the rule. In this view it is of importance to look to the motive which led to the admission. What were the motives of the defendant in this case, are to be gathered from the letter. The defendant was the surviving partner of the late firm of Beach & Thomas, which firm was probably insolvent. His partner being dead, the whole liability survived to him and the debts of the firm were to be met by his unaided future efforts. Is it not therefore fairly to be presumed, that the admission was made rather with a view to the affairs of the defendant, and his ability to meet the whole claim, than to its justness, particularly as no dispute had arisen as to the legality of the debt or the sufficiency of the proof of it, and as it was not then barred by the statute? I think it is, and that the offer cannot be considered an offer of compromise so as to deprive the plaintiffs of the benefit of it in replying to the plea of the statute of limitations.

On the subject of interest, which is also referred to, the decision of the court no doubt is entertained. This is clearly a liquidated demand within the letter and spirit of the act of 1799.

Let judgment be entered for principal and interest, with leave to defendant to appeal within four days from the adjournment of court.